FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 06 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------x

HARRY B. PASCAL, an individual; NANCY R. PASCAL, an individual; on behalf of themselves and all others similarly situated,

                Plaintiffs,

vs.

STIENE & ASSOCIATES, P.C., a New York Professional Corporation; CHARLES G. STIENE, Individually and in his Official Capacity; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                Defendants.

---------------------------------------x

CASE NO.:
**CV 12 4436**

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**DEMAND FOR JURY TRIAL**

**BIANCO, J.**

**WALL, M.J.**

**SUMMONS ISSUED**

## I. PRELIMINARY STATEMENT

1.    Plaintiffs, HARRY B. PASCAL and NANCY R. PASCAL ("Plaintiffs") bring this action in response to the unlawful practices of the Defendants, STIENE & ASSOCIATES, P.C. ("STIENE & ASSOCIATES ") and CHARLES G. STIENE ("STEINE") ( collectively referred to as "Defendants") which include, *inter alia*, false, deceptive, and misleading practices in connection with Defendants' attempt to collect an alleged debt from Plaintiffs.

2.    Plaintiffs allege that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

3.    Defendants' unlawful collection practices include, *inter alia*, the false representation or implication that any individual is an attorney or that any communication is from an attorney, the failure to disclose the name of the creditor to whom the debt is owed, and misrepresentation of the statutory presumption regarding validity of the alleged debt.

4. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) – (e).

5. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of even a single violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Cloman v. Jackson,* 988 F.2d 1314 (2nd Cir. 1993).

6. The FDCPA applies to attorneys who "regularly" engage in consumer-debt-collection activity. *Heintz v. Jenkins,* 514 U.S. 291 (1995); *Goldman v. Cohen,* 445 F.3d 152 (2nd Cir. 2006).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using a false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); and using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

8. The Plaintiffs seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs, request that they be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

9. Plaintiff, HARRY B. PASCAL, is a natural person.

10. At all times relevant to this lawsuit, HARRY B. PASCAL was a citizen of, and resided in, the Hamlet of Monsey, Rockland County, New York.

11. Plaintiff, NANCY R. PASCAL, is a natural person.

12. At all times relevant to this lawsuit, NANCY R. PASCAL was a citizen of, and resided in, the Hamlet of Monsey, Rockland County, New York.

13. At all times relevant to this lawsuit, STIENE & ASSOCIATES is a Professional Corporation existing pursuant to the laws of the State of New York.

14. STIENE & ASSOCIATES maintains its principal business address at 187 Main Street, Town of Huntington, Suffolk County, New York.

15. STIENE is a natural person.

16. Plaintiffs are informed and believe, and on that basis allege, At all times relevant to this lawsuit, STEINE resided in the Town of Huntington, Suffolk County, New York.

17. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

18. The Plaintiffs are informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of STIENE & ASSOCIATES that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by STIENE & ASSOCIATES and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

19. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

20. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

21. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Pascal occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of New York at the time this action is commenced.

### V. FACTS CONCERNING PLAINTIFFS

22. Sometime prior to July 31, 2012, Plaintiffs allegedly incurred a financial obligation in the form of a mortgage loan on their personal residence to JPMorgan Chase Bank, National Association ("Chase Obligation").

23. The Chase Obligation is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. Defendants contend that the Chase Obligation is in default.

25. The alleged Chase Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. HARRY B. PASCAL is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27. NANCY R. PASCAL is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

28. JPMorgan Chase Bank, National Association is not now, nor has it ever been, the creditor of the Chase Obligation.

29. Plaintiffs are informed and believe, and on that basis alleges, that sometime prior to July 31, 2012, the creditor of the Chase Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to the Defendants for collection.

30. STEINE & ASSOCIATES collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

31. STEINE & ASSOCIATES is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. On information and belief, STEINE is a principal owner, director, shareholder, and/or managing partner of STEINE & ASSOCIATES.

33. STEINE attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

34. STEINE personally implemented, and with knowledge such practices were contrary to law, acted consistent with, managed, and oversaw the illegal policies and procedures

used by other employees of STEINE & ASSOCIATES.

35. STEINE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36. In an attempt to collect the Chase Obligation, Defendants sent the Plaintiffs a letter dated July 31, 2012 ("7/31/12 Letter"). A true and correct copy of the 7/31/12 Letter is attached hereto as ***Exhibit A***.

37. The 7/31/12 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

38. Plaintiffs presumed that the 7/31/12 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of their alleged loan account, as there was neither a disclosure nor any admonition indicating otherwise and because the 7/31/12 Letter is actually signed by STEINE & ASSOCIATES.

39. Although the 7/31/12 Letter states that it is from a "debt collector," that statement does not rule out the possibility that the letter is from a licensed attorney, as attorneys can be debt collectors.

40. The salutation and first paragraph of the 7/31/12 Letter states, "Dear Harry B. Pascal and Nancy R. Pascal: If you are represented by an attorney in connection with this matter, please forward this communication to your attorney's office immediately."

41. Plaintiffs are represented by counsel.

42. The Second Paragraph of the 7/31/12 Letter states in part, "...this law firm represents the secured creditor in regard to the referenced loan. The name of the creditor is: JPMorgan Chase Bank, National Association (Chase)."

43. The Third Paragraph of the 7/31/12 Letter states in part, "According to the records maintained by Chase, you have failed to comply with the terms of your loan documents by failing to make the require monthly payments."

-7-

44. The Fourth Paragraph of the 7/31/12 Letter states, "As of the date of this letter, Chases's records reflect that the amount of the debt owed is $376,440.91, exclusive of interest and other charges."

45. The statements in the Third and Fourth Paragraphs of the 7/31/12 Letter falsely imply that the Defendants undertook a professional review of the loan documents and other "records" allegedly maintained by Chase.

46. The Defendants' statement in Fourth Paragraph of the 7/31/12 Letter that Plaintiffs owe JPMorgan Chase Bank, National Association "$376,440.91, exclusive of interest and other charges" is categorically false.

47. The fact the 7/31/12 Letter appears to be personally signed by a law firm, lends credence to Plaintiffs' presumption that the 7/31/12 Letter was in fact the work product of a licensed attorney who had reviewed the particular circumstances of her account prior to mailing same.

48. The 7/31/12 Letter falsely represents and implies that a licensed attorney was directly or personally involved in reviewing Plaintiffs' file, account, loan document and/or records prior to mailing same.

49. After receiving the 7/31/12 Letter, the Plaintiffs reasonably inferred – as would a "least sophisticated consumer" – that JPMorgan Chase Bank, National Association was proceeding more aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of their alleged account.

50. A court has already ruled as a matter of law that JPMorgan Chase Bank, National Association is not the creditor of the alleged Chase Obligation.

51.     A court has already ruled as a matter of law that Plaintiffs do not owe JPMorgan Chase Bank, National Association "$376,440.91" or any other amount of money for the alleged Chase Obligation.

52.     The Defendants intended that the 7/31/12 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern.

53.     Sometime after receiving the 7/31/12 Letter, the Plaintiffs became informed and now believe, and on that basis alleges, that the 7/31/12 Letter is actually a computer-generated, mass-produced, letter that is sent to consumers at-large without any meaningful attorney review or involvement prior to the mailing of the letters.

54.     Plaintiffs are informed and believe, and on that basis allege, that the Defendants have a policy and practice of sending consumers, such as Plaintiffs, computer-generated, mass-produced, letters -- in the form of the 7/31/12 Letter -- without any meaningful attorney review or involvement prior to the mailing of those letters.

## V. POLICIES AND PRACTICES COMPLAINED OF

55.     It is Defendants' policy and practice to send written collection communications, in the form attached as ***Exhibit A***, in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney.

56.     Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

57.     "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of

legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

58. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

59. On information and belief, the written communications, as alleged in this complaint under the Facts Concerning Plaintiff, number in the hundreds.

## VI. CLASS ALLEGATIONS

60. This action is brought as a class action. Plaintiffs bring this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom Defendants sent a written communication materially similar to the form attached as ***Exhibit A***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) which was not returned as undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of this complaint and ending 21 days thereafter.

62. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempt to collects debts.

63. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

64. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

65. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

66. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Class have claims arising out of the

Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

68. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(3), or 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

69. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the

controversy.

70. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

71. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

72. The Defendants' written communications in the form attached as ***Exhibit A*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

73. The Defendants' written communication in the form attached as ***Exhibit A*** constitutes the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## VIII. PRAYER FOR RELIEF

74. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION:**

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for Plaintiffs and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' collection conduct complained of herein violates the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:  Uniondale, New York
September 6, 2012

Abraham Kleinman, Esq. (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 522-2621
Facsimile: (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
Email: bill@wfhlegal.com

*Attorneys for Plaintiffs, Harry B. Pascal and Nancy R. Pascal, and all others similarly situated.*

**Exhibit A**

| | |
|---|---|
| **CHARLES G. STIENE** | **STIENE & ASSOCIATES, P.C.** |
| | ATTORNEYS AT LAW |
| KEITH L. ABRAMSON | 187 EAST MAIN STREET |
| KEVIN M. CASTRO | HUNTINGTON, NEW YORK 11743 |
| STEPHEN J. VARGAS | |
| JAMES J. KENNY | (631) 935-1616 |
| DANIEL R. LEBOVIC | FAX (631) 935-1223 |

7/31/2012

Harry B. Pascal and Nancy R. Pascal
65 Remsen Avenue
Monsey, NY, 10952

Re:  Loan #: 0607185816
     File #: 201203241
     Premises: 65 Remsen Avenue, Monsey, NY 10952

Dear Harry B. Pascal and Nancy R. Pascal:

If you are represented by an attorney in connection with this matter, please forward this communication to your attorney's office immediately.

Please be advised that this law firm represents the secured creditor in regard to the above-referenced loan. The name of the creditor is: JPMorgan Chase Bank, National Association (Chase).

Chase has referred this matter to our office to protect its rights pursuant to the loan documents. According to the records maintained by Chase, you have failed to comply with the terms of your loan documents by failing to make the required monthly payments.

As of the date of this letter, Chase's records reflect that the amount of the debt owed is $376,440.91, exclusive of interest and other charges.

Unless you dispute the validity of the debt, or any portion thereof, **within thirty (30)** days after receipt of this notice, the debt will be assumed to be a valid debt. If you notify this office, in writing, **within thirty (30)** days after receipt of this notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and mail a copy of the verification or judgment to you.

Upon your written request **within thirty (30)** days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

Very truly yours,
STIENE & ASSOCIATES, P.C.